UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MAHOGANY MILLER, an Individual,

Plaintiff,

Vs.

STRONG ARM PRODUCTIONS, U.S.A.,
Inc., a Florida Corporation and
TRAMAR DILLARD, an Individual,
a/k/a FLO-RIDA,

**CIVIL COMPLAINT**

Defendants.
_____/

Plaintiff, MAHOGANY MILLER sues Defendants, STRONG ARM PRODUCTIONS, U.S.A., INC., and TRAMAR DILLARD a/k/a FLO-RIDA and alleges as follows:

**Background**

Plaintiff, Mahony Miller, began working for Strong Arm Productions and Tramar Dillard as an Administrative Assistant on August 1, 2011. As an Administrative Assistant Ms. Millers duties and responsibilities included, but were not limited to, answering the telephones, meeting and greeting clients, organizing the mail, assisting in paying the bills for Defendants and, at times, acting as a receptionist. Ms. Miller had no managerial duties or responsibilities – she took directions specifically from Dillard or his designee. Defendants, however, paid Ms. Miller merely $200.00 per week despite the 65 hours per week she worked for them. Not only does Defendants' compensation to

Ms. Miller violate the overtime compensation laws guaranteed under the Fair Labor Standards Act, it is also clear that Defendants' conduct runs afoul of the Federal minimum wage laws by paying her a mere $3.08 per hour.

This action arose when Plaintiff complained of Defendants' illegal payment practices regarding its employees and was terminated as a result thereof.  Consequently, Plaintiff also seeks all available remedies under the F.L.S.A.'s anti-retaliation provision.

### Jurisdiction, Venue and General Allegations Common to All Counts

1.  This is an action to recover unpaid overtime compensation, liquidated damages, prejudgment interest and attorney's fees and costs under the Fair Labor Standards Act.  This action also seeks all remedies for Defendants' failure to pay minimum wage under Federal law.  29 U.S.C. § 201, *et seq.* Plaintiff also brings suit for retaliation under the FL.S.A. because her Employers fired her when she complained of their F.L.S.A. violations in contravention of 28 U.S.C. § 215.

2.  This Court has jurisdiction of this controversy under, 29 U.S.C. §§ 201-219. Jurisdiction is conferred on this Court by Title §§ 28 U.S.C. 1337 and by 29 U.S.C. § 216 (b).

3.  At all times material hereto, Plaintiff is a natural person, is *sui juris*, resides within Miami-Dade County, Florida; she is a covered employee under the Fair Labor Standards Act.

4. Defendant, Strong Arm is a for-profit Florida corporation and, based on reasonable information and belief, is authorized to do business in Miami-Dade County, Florida.

5. Defendant Tramar Dillard a/k/a Flo-rida is a natural person and is Plaintiff's "employer" as that term is defined under the FLSA and applicable rules and regulations. Dillard conducts business as "Flo-rida" within the Southern District of Florida.

6. At all times material hereto, all the events complained of herein occurred within the Southern District of Florida and, as a result, venue is appropriate in the Southern District of Florida, Miami Division.

7. Strong Arm produces rap music and musicians for public consumption and dissemination through interstate commerce. Strong Arm does this by actually selling music, records or albums online, through music stores or to the consumer directly, through the airwaves, internet or some other form of media.

8. At all times material hereto, Strong Arm and Dillard are engaged in interstate commerce as that term is used under the F.L.S.A.

9. At all times pertinent to this Complaint, Defendants operate as an organization which sells and markets its services and goods to customers and

is otherwise engaged in interstate commerce, or is in the business of producing goods and services for commercial purposes.

10. Defendant, Tramar Dillard is a principal and officer of Strong Arm is Plaintiff's employer who sanctioned or ratified the conduct complained of herein.

11. At all times material hereto Defendants were Plaintiff's employer as that term is defined pursuant to 29 U.S.C. § 203(d).

12. Plaintiff complained to Dillard about Defendants' illegal compensation under Federal law.

13. Defendants terminated Plaintiff's employment because of her complaints.

### Count I
### Wage and Hour Violation
### Overtime

14. Plaintiff re-adopts and re-alleges each and every allegation stated in paragraphs Nos. 1 through 13, above, and further states the following:

15. Defendant, Strong Arm is a Florida corporation doing business in Miami-Dade County, Florida and is an enterprise engaged in an industry affecting interstate commerce. Strong Arm and Dillard are "employers" as is defined by 29 U.S.C. § 203 (d), which have employees subject to the provisions of the F.L.S.A., 29 U.S.C. § 207, in the capacity where Plaintiff was employed.

16. Since before Plaintiff was employed with Strong Arm and up to and including the present, it has willfully violated the provisions of 29 U.S.C. § 207 by

employing employees engaged in commerce for work weeks longer than 40 hours without compensating them at rates of one and one-half times the regular rates at which they were employed.

17. Since her employment began with Defendants, Plaintiff worked in excess of 40 hours a week every week and was not compensated at a rate more than one and one-half times the regular rate at which she was employed.

18. The failure to pay overtime compensation to Plaintiff is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. §213 (a); Miller is not a bona fide executive, administrative of professional employee.

19. Defendants' actions were willful and purposeful as it was well aware of the FLSA and Plaintiffs' non-exempt status, but chose not to pay her in accordance with the statute.

WHEREFORE, Plaintiff, Mahogany Miller respectfully requests that this court grants judgment against Defendants, Strong Arm Productions, U.S.A., Inc. and Tramar Miller a/k/a Flo-rida, jointly and severally, pursuant to 29 U.S.C. § 216(b) and award her:

    a. Payment of overtime compensation found by the court to be due her under the Act, including pre-judgment interest.

    b. Liquidated damages as per the statute.

    c. The costs of this action, including reasonable attorney's fees; and,

d. All other further relief as is just.

## Count II
## Wage and Hour Violation
## Minimum Wage Violation

20. Plaintiff re-adopts and re-alleges each and every allegation stated in paragraphs Nos. 1 through 13, above, and further states the following:

21. At all times material hereto, Defendants paid Plaintiff $200.00 per week for 65 hours of work, or $3.08 per hour – less than what federal law allows.

22. Defendants' violation of federal minimum wage laws was willful and wanton.

WHEREFORE, Plaintiff, Mahogany Miller respectfully requests that this court grants judgment against Defendants, Strong Arm Productions, U.S.A., Inc. and Tramar Miller a/k/a Flo-rida, jointly and severally, pursuant to 29 U.S.C. § 216 (b) and award her:

a. Payments for back pay minimum wage compensation found by the court to be due her under the Act, compensatory damages, including pre- and post-judgment interest.

b. Liquidated damages as per the statute.

c. The costs of this action, including reasonable attorney's fees; and,

d. All other further relief as is just.

## Count III
## Retaliation

23. Plaintiff re-adopts and re-alleges each and every allegation stated in paragraphs Nos. 1 through 13, above, and further states the following:

24. Plaintiff complained about Defendants' federal violation of overtime compensation and failure to pay minimum wages to her supervisor, Flo-rida.

25. Defendants fired Plaintiff within 24 hours of her complaints.

26. Defendants terminated Plaintiff's employment because of her F.L.S.A. complaints in violation of 29 U.S.C. § 215.

WHEREFORE, Plaintiff, Mahogany Miller respectfully requests that this court grants judgment against Defendants, Strong Arm Productions, U.S.A., Inc. and Tramar Miller a/k/a Flo-rida, jointly and severally, pursuant to 29 U.S.C. § 216 (b) and award her:

    a. Payment of overtime compensation found by the court to be due her under the Act, lost past and future wages, compensatory damages, including pre- and post-judgment interest.

    b. Liquidated damages as per the statute.

    c. The costs of this action, including reasonable attorney's fees; and,

    d. All other further relief as is just.

### Demand for Trial By Jury

Plaintiff, Mahogany Miller demands a trial by Jury for each issue so triable herein.

    Respectfully Submitted,
    THE HARRIS LAW FIRM GROUP, P.A.,
    777 Brickell Avenue, Suite 1114
    Miami, Florida 33131-2867
    (p)    305.536.6131
    (f)    305.536.6130

By: _____/s/_____
Robert Newton Harris
Florida Bar No.: 0087671
robert@harrislawinfo.com